IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

MATILDA MAHMUTLLARI,

                                                                                  ORDER

                          Plaintiff,

      v.                                                                         10-cv-610-slc

U.S.C.I.S., Milwaukee, WI,

                          Defendant.
_____

        In an order entered in this case on October 15, 2010, I advised plaintiff that it was her responsibility to serve defendant with her complaint and file proof of service as soon as she had it. I noted that the Fed. R. Civ. P. 4(m), allows a plaintiff 120 days after filing a complaint in which to serve a defendant, but that the 120-day deadline is the outside limit. I advised plaintiff that if she acted diligently, she should be able to serve her complaint on the defendant and file proof of service by December 15, 2010. In addition, I provided plaintiff with a memorandum describing how to serve the United States, Its Agencies, Corporations, Officers, or Employees in a federal lawsuit and the forms she needed to accomplish service. To date, plaintiff has not filed proof of service of her complaint upon the defendant or explained her failure to do so. Indeed, plaintiff has not corresponded with the court about her case since she filed it on October 15, 2010.

        At this point, I believe it is prudent to require plaintiff to communicate to the court in writing what steps she has taken to serve the complaint on the defendant. Although the outside deadline for serving the complaint does not occur until February 12, 2011, there is no point in maintaining this action as an open case if plaintiff has abandoned prosecution of it.

ORDER

IT IS ORDERED that plaintiff Matilda Mahmutllari may have until January 14, 2011, in which to advise the court in writing what steps she has taken to serve her complaint on the defendant. If, by January 14, 2011, plaintiff fails to respond to this order, the clerk of court is to enter judgment dismissing this action without prejudice for plaintiff's failure to prosecute.

Entered this 28th day of December, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge